Argued May 3, affirmed June 24, 1976

## UEHLIN et ux, *Appellants,*

*v.*

## GRANGER et ux, *Respondents.*

550 P2d 1377

*Lorin M. Ricker,* Enterprise, argued the cause for appellants. With him on the briefs was Carl M. Dutli, Enterprise.

*Charles R. Cater,* La Grande, argued the cause for respondents. With him on the brief was John Purvis, Joseph.

Before O'Connell,* Chief Justice, and McAllister, Denecke,** Tongue and Bryson, Justices.

PER CURIAM.

---

*Chief Justice when case was argued.
**Chief Justice when case was decided.

**PER CURIAM.**

This is a suit to quiet title to Section 36, Township 3 North, Range 44 East of the Willamette Meridian. Plaintiffs appeal from a decree denying the relief sought.

On the 22nd day of June, 1954, Kelsie Simmons and Ruth Simmons, owners in fee of all of Section 36, Township 3 North, Range 44 East of the Willamette Meridian, executed a timber deed in which they sold to Milton Box Company, a corporation,

"* * * all of the merchantable timber now standing, growing or being on the following described real property [describing Section 36] * * * for a period of twenty five years (25) from the date hereof, with the right to remove said timber, and with the right to go upon said land or any part thereof, and have free ingress and egress to and from the same, to remove said timber * * *.

"Grantee agrees to repair all damage to fences caused in logging said timber * * *.

"It is agreed that the Grantee shall dispose of the slash hazard resulting from the cutting * * *."

This deed was recorded on the 24th day of June, 1954, in the records of the County Clerk of Wallowa County, Oregon.

On the 13th day of August, 1962, Milton Box Company and Kelsie Simmons and Ruth Simmons executed and delivered to defendants, Richard and Mary Granger, a quitclaim deed conveying

"* * * all of the merchantable timber now standing, growing or being on the following described real property, to-wit [describing Section 36] * * * for a period of twenty five years from June 22, 1954."

This quitclaim deed also contained the following provisions:

"SUBJECT to all the rights, privileges and obligations as contained in that certain timber deed, Dated June 22, 1954, recorded in Volume 65, at page 304, Deed Records of Wallowa County, Oregon, wherein Kelsie Simmons

[ 389 ]

and Ruth Simmons as husband and wife, and Milton Box Company, a corporation, are the grantors and grantee, respectively."

This deed was recorded on October 11, 1967.

On October 17, 1963, the Simmonses executed and delivered to Glenn Shaw a mortgage on Section 36. The mortgage contained the following reservation:

"Save and except all merchantable timber thereon for a period of 25 years from the 22nd day of June, 1954 as conveyed in that certain timber deed from Kelsie Simmons and Ruth Simmons to Milton Box Company, a corporation, as recorded in Book 65 of Deed Records of Wallowa County, Oregon, at page 304."

Thereafter, Glenn Shaw foreclosed the mortgage and received a sheriff's deed to the land. The foreclosure decree and the sheriff's deed contained the same timber reservation as set forth in the mortgage.

Shaw sold Section 36 to Lawrence M. Knopp, and wife, under a land sale contract on November 16, 1970. Following the legal description, this contract contained the following exception:

"* * * EXCEPTING such timber as may be removed by Richard Granger or his assigns before June 22, 1979, and excepting such right of way as he may have to remove such timber."

On February 15, 1973, the Knopps entered into a written contract to sell Section 36 to plaintiffs. This contract contained the following provisions:

"SUBJECT to that certain timber deed recorded * * * in Book 75 of Deeds, page 12, to Richard Granger for 25 years from June 22, 1954."

It also contained the following provisions:

"Second party [plaintiff] agrees that they have inspected the said Shaw contract and the said Richard Granger timber deed and accept the terms thereof and will abide by said terms."

Section 36 contains 370 acres of timbered land, which had been logged prior to the execution of the 1954 timber deed to Milton Box Company. There also had

been some logging about eight to twelve years prior to the institution of this suit.

Plaintiffs contend that the timber deed of June 22, 1954, conveyed only the timber which was merchantable at that date and that all of that timber has been removed. Therefore, it is contended, no interest in any timber on Section 36 passed to defendants.

The trial court held that defendants acquired ownership of all of the merchantable timber on Section 36 on August 13, 1962, the date of the execution of the deed to them from Milton Box Company and the Simmonses. We agree with the trial court's conclusion.

The deed of August 13, 1962 clearly purports to convey all of the merchantable timber on the described property. No other part of the deed purports to limit the subject matter of the deed to timber which was merchantable at a previous time. Plaintiffs contend that the clause in defendants' deed following the habendum is such a limitation. The clause reads:

> "Subject to all of the rights, privileges and obligations as contained in that certain timber deed dated June 22, 1954, recorded in Vol. 65 at page 304, Deed Records of Wallowa County, Oregon, wherein Kelsie Simmons and Ruth Simmons as husband and wife, and Milton Box Company, a corporation, are the grantors and grantee, respectively."

This clause simply makes it clear that the provisions in the 1954 deed to Milton Box Company giving the grantee the right of ingress and egress etc., the right to remove the timber, and imposing the obligation upon the grantee to repair fences, remove slash etc., were to be applicable to defendants. Every link in the chain of title through which plaintiffs claim contained an exception as to the timber conveyed to defendants. Plaintiffs' prayer for relief was properly denied.

Decree affirmed.